definition of "malice" in exact legal technical terms, if the evidence offered on behalf of appellee is true, it clearly shows malice.

It is urged that the court erred in refusing appellant's second instruction which, in substance, instructed the jury that if they believed from the evidence that the defendant took Elmo Nolte home and cared for him while he was sick and not for the purpose of alienating his affections from appellee, that they should find defendant not guilty. This instruction was clearly erroneous, as the taking of Elmo to his father's home was only one of numerous facts and circumstances which tended to prove appellee's cause of action.

There is no substantial error in the record and the judgment will be affirmed.

*Affirmed.*

MR. JUSTICE SCHOLFIELD took no part in the consideration of this case.

---

### David A. Teegarden, Appellee, v. Supreme Tribe of Ben-Hur, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by David A. Teegarden against Supreme Tribe of Ben-Hur on a certificate of beneficial membership issued to Rosa A. Teegarden, deceased wife of plaintiff, in her lifetime, in the sum of five hundred dollars.

Teegarden v. Supreme Tribe of Ben-Hur, 190 Ill. App. 474.

The defense was that certain answers by the insured in the application for insurance were false. To this plaintiff filed replication that defendant's agent, of his own initiative, inserted false and different answers without the consent or direction of the insured, and that certain other answers were inserted by him without any question being asked and were the answers of the agent and not of insured.

The jury found the issues for the plaintiff and returned a verdict for five hundred dollars, on which verdict judgment was entered. From this judgment, defendant appeals.

Error is assigned on the failure of the court to direct judgment for defendant on the ground that the answers were warranties and the defendant is not estopped by its agent's fraud to set up their falsity.

CHARLES TROUP, for appellant.

THOMAS A. GRAHAM, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 876*—*when verdict sustained where evidence as to falsity in answers to application conflicting.* In an action on a certificate of beneficial insurance, where the insurer claims that false answers were made in the application, the burden of proof is on it, and where the evidence is conflicting, the verdict for plaintiff will not be disturbed.

2. INSURANCE, § 752*—*when fraud of agent in answering questions in application for life insurance policy not a defense.* Where the insurer's agent, authorized by it to solicit insurance, take applications, fill in a part of them and collect first premiums, writes false answers in the application for a certificate of beneficial insurance in an action on the certificate the insurer is estopped to set up the falsity of the answers as a defense, the agent's knowledge being the knowledge of the insurer.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.